IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RACHEL ADAMS, | § | |
| | § | |
| Movant, | § | |
| | § | Civil No. 4:16-CV-920-O |
| v. | § | (Criminal No. 4:15-CR-151-O (1)) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Adams has filed a 28 U.S.C. § 2255 motion challenging her criminal judgment in *United States v. Adams*, No. 4:15-CR-151-O (N.D. Tex.). *See* ECF No. 1. Because her § 2255 motion is successive, and because she filed it without first seeking authorization from the United States Court of Appeals for the Fifth Circuit, this Court lacks jurisdiction over her motion. The Court thus transfers Adams's § 2255 motion to the Fifth Circuit for the reasons that follow.

**Applicable Background**

Adams pleaded guilty to conspiracy to possess with intent to distribute a controlled substance and was sentenced to prison for 240 months. *See United States v. Adams*, No. 4:15-CR-151-O (N.D. Tex.), ECF No. 637. She did not appeal.

Adams later filed a § 2255 motion arguing that she was entitled to a reduction in her prison sentence in light of an Amendment to the advisory Sentencing Guidelines. *See Adams v. United States*, No. 4:16-CV-722 (N.D. Tex.), ECF No. 1 (conceding that she was not entitled to relief under 18 U.S.C. § 3582 but urging the Court to grant her relief under § 2255). Her § 2255 motion was summarily dismissed because she was not entitled to § 2255 relief. *See Adams v. United States*, No.

4:16-CV-722 (N.D. Tex.), ECF Nos. 3 & 4.

Approximately two months later, Adams filed this § 2255 motion. She once again seeks § 2255 relief from her criminal judgment in No. 4:15-CR-151-O. *See* ECF No. 1.

## Law & Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996, a movant may only file a successive motion for post-conviction relief if she first receives authorization from a three-judge panel of the United States court of appeals. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("In order to file a second or successive [habeas] application with the district court, 28 U.S.C. § 2244 provides that an applicant must first obtain authorization from the court of appeals."). The appellate certification requirement for a successive § 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

This Court has no jurisdiction over Adams's unauthorized, successive § 2255 motion. Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive § 2255 motions, Adams's successive § 2255 motion will be transferred to the Fifth Circuit pursuant to 28 U.S.C. § 1631. *See, e.g.*, *Fulton*, 780 F.3d at 686 (transferring an unauthorized successive habeas application pursuant to Section 1631 is an alternative to dismissal of such an application).

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. No certificate of appealability is required to appeal an order that transfers a motion to vacate to the United States Court of Appeals for the Fifth Circuit pursuant to *Fulton*, 780 F.3d at 686.

In the event that Adams elects to file a notice of appeal, the Court notes that she will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This § 2255 motion is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**SO ORDERED** this **15th day** of **June, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**